Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Nelson Campbell (SBN 357579)
ncampbell@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

HNL FASHION, INC., a California corporation,

Plaintiff,

v.

SUMMER VIBE INC., d/b/a “Cupshe”; SPARKY WORLDWIDE, INC., d/b/a “Cupshe”; NANJING NIULI GARMENT TRADING CO., LTD. d/b/a “Cupshe”; JADECRED LIMITED d/b/a “Cupshe”; GUANGZHOU XUNZI FUZHUANT MAOYI CO., LTD., d/b/a “Cupshe Apparel”; FEILIN LIMITED, d/b/a “Cupshe Apparel”; and DOES 1 through 10,

Defendants.

Case No.:

PLAINTIFF’S COMPLAINT FOR:

1. COPYRIGHT INFRINGEMENT
2. VICARIOUS COPYRIGHT INFRINGEMENT
3. CONTRIBUTORY COPYRIGHT INFRINGEMENT

<u>Jury Trial Demanded</u>

Plaintiff HNL FASHION, INC., (“HNL” or “Plaintiff”), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b)(1), (b)(2) and 28 U.S.C. § 1400(a) in that certain defendants reside in this district, and this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff HNL is a corporation organized and existing under the laws of the State of California with its principal place of business in Los Angeles, CA.

5. Plaintiff is informed and believes and thereon alleges that Defendant SUMMER VIBE INC., doing business as "Cupshe", is a California corporation with its principal place of business at 777 South Alameda Street, Unit 2111, Los Angeles, California 90021. CUPSHE does business in and with the state of California and is registered with the California Secretary of State.

6. Plaintiff is informed and believes and thereon alleges that Defendant SPARKY WORLDWIDE INC., doing business as "Cupshe", is a California corporation with its principal place of business at 767 South Alameda Street, Suite 470, Los Angeles, California 90021. CUPSHE does business in and with the state of California and is registered with the California Secretary of State.

7. Plaintiff is informed and believes and thereon alleges that Defendant NANJING NIULI GARMENT TRADING CO., LTD., doing business as "Cupshe" is a Chinese limited company selling products on Amazon under the Seller ID A3GZDTM3QP2SDS. Upon information and belief, NANJING NIULI GARMENT TRADING CO., LTD. does business in and with the state of California and this judicial district as it is an alter ego of SUMMER VIBE and/or SPARKY

WORLDWIDE. NANJING NIULI GARMENT TRADING CO.'s "Cupshe" seller description on Amazon states that Cupshe is "[a] California inspired and designed swimwear brand."

8. Plaintiff is informed and believes and thereon alleges that Defendant JADECRED LIMITED, doing business as "Cupshe" is a Hong Kong limited company selling products on Amazon under the same seller ID as NANJING NIULI GARMENT TRADING CO., LTD, Seller ID A3GZDTM3QP2SDS. Upon information and belief, JADECRED LIMITED does business in and with the state of California and this judicial district as it is an alter ego of SUMMER VIBE and/or SPARKY WORLDWIDE. JADECRED LIMITED's "Cupshe" seller description on Amazon states that Cupshe is "[a] California inspired and designed swimwear brand."

9. Plaintiff is informed and believes and thereon alleges that Defendant GUANGZHOU XUNZI FUZHUANT MAOYI CO., LTD., doing business as "Cupshe Apparel" is a Chinese limited company selling products on Amazon under the Seller ID A1X8JP68936M9I. Upon information and belief, GUANGZHOU XUNZI FUZHUANT MAOYI CO., LTD. does business in and with the state of California and this judicial district as it is an alter ego of SUMMER VIBE and/or SPARKY WORLDWIDE.

10. Plaintiff is informed and believes and thereon alleges that Defendant FEILIN LIMITED, doing business as "Cupshe Apparel" is a Hong Kong limited company selling products on Amazon under the same seller ID as GUANGZHOU XUNZI FUZHUANT MAOYI CO., LTD., Seller ID A1X8JP68936M9I. Upon information and belief, FEILIN LIMITED does business in and with the state of California and this judicial district as it is an alter ego of SUMMER VIBE and/or SPARKY WORLDWIDE.

11. Both Summer Vibe Inc. and Sparky Worldwide Inc. sell the infringing products under the fictitious name "Cupshe" and both have reported to the California

Secretary of State that Liming Zhao is the Chief Executive Officer and Chief Financial Officer of their company.

12. Summer Vibe, Sparky Worldwide, NANJING NIULI GARMENT TRADING CO., and JADECRED LIMITED each sell products infringing upon HNL Design TPR-3328 under the "Cupshe" name and using substantially similar, if not identical product photographs, descriptions, and branding.

13. Summer Vibe, Sparky Worldwide, GUANGZHOU XUNZI FUZHUANT MAOYI CO., and FEILIN LIMITED each sell products infringing upon HNL Design TPR-3118 under the "Cupshe" name, and using substantially similar, if not identical product photographs, descriptions, and branding.

14. Plaintiff is informed and believes and thereon alleges that some of Defendants Does 1 through 3, inclusive, are manufacturers and/or vendors of garments to Defendant, which Defendants have manufactured and/or supplied and are manufacturing and/or supplying garments bearing Plaintiff's copyrighted designs (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants Does 1-3, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

15. Defendants Does 4 through 10, inclusive, (collectively with Summer Vibe, Sparky Worldwide, NANJING NIULI GARMENT TRADING CO., JADECRED LIMITED, GUANGZHOU XUNZI FUZHUANT MAOYI CO., FEILIN LIMITED, and Does 1 through 3, "Defendants") are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 4 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said

Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

16. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

17. Defendants NANJING NIULI GARMENT TRADING CO., LTD., JADECRED LIMITED, GUANGZHOU XUNZI FUZHUANT MAOYI CO., LTD., and FEILIN LIMITED (collectively, the "Foreign Defendants") are believed to be organized under the laws of the People's Republic of China or Hong Kong.

18. Upon information and belief, this Court has specific personal jurisdiction over each Foreign Defendant because each has directed its infringing conduct at California and each is an alter ego of, and acts in concert with, Defendants Summer Vibe Inc. and Sparky Worldwide, Inc., both of which are headquartered in this District, as alleged above.

19. In the alternative, this Court has personal jurisdiction over each Foreign Defendant under Federal Rule of Civil Procedure 4(k)(2). Plaintiff's claims arise under federal law, namely the Copyright Act, 17 U.S.C. § 101 et seq. Upon information and belief, no Foreign Defendant is subject to the jurisdiction of the courts of general jurisdiction of any state. Exercising jurisdiction over each Foreign Defendant is consistent with the United States Constitution and laws, because each has purposefully directed its infringing conduct at the United States as a whole, as alleged below.

20. Each Foreign Defendant has purposefully availed itself of the privilege of doing business in the United States and has expressly aimed its infringing conduct at the United States market. Among other things, each Foreign Defendant:

(a) Operates, or jointly operates, a storefront on United States Marketplaces Amazon.com, Macys, or Target. On those storefronts, they offers the Infringing Products for sale in U.S. dollars to U.S. consumers;

(b) Sells the Infringing Products under the CUPSHE brand, and uses the same or similar product photography, descriptions, and branding used by Summer Vibe and Sparky Worldwide;

(d) Has sold and/or shipped Infringing Products to purchasers throughout the United States; and

(e) Has derived substantial revenue from sales of the Infringing Products to U.S. consumers.

21. The Foreign Defendants created and maintained sales channels directed specifically at the United States, and they deliberately exploited that market by listing, selling, and shipping the Infringing Products to U.S. purchasers. Plaintiff's claims arise directly out of those U.S.-directed contacts, because the Infringing Products that the Foreign Defendants reproduced, displayed, offered, and sold to U.S. consumers infringe Plaintiff's United States copyrights. By knowingly selling infringing goods into the United States, each Foreign Defendant caused harm that it knew was likely to be suffered in the United States, and specifically by Plaintiff, a California company.

22. Exercising jurisdiction over the Foreign Defendants is reasonable. Each deliberately chose to sell into the United States through a U.S. marketplace, and the United States has a strong interest in providing a forum to redress infringement of U.S. copyrights. Plaintiff also has no alternative forum in which it could obtain complete relief for infringement of its U.S. copyrights against all Defendants.

23. Venue as to the Foreign Defendants is also proper under 28 U.S.C. § 1391(c)(3), because a defendant not resident in the United States may be sued in any judicial district.

**CLAIMS RELATED TO DESIGN TPR-3328**

24. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork. Plaintiff allocated this design an internal design number TPR-3328 ("Subject Design A").

25. The Subject Design A is an original work, and is, and at all relevant times was, owned exclusively by Plaintiff.

26. Plaintiff applied for and received a Certificate of Registration from the United States Copyright Office covering Subject Design A.

27. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing Subject Design A to numerous parties in the fashion and apparel industries.

28. Following this distribution of Subject Design A, Plaintiff's investigation revealed that certain entities within the fashion and apparel industries had misappropriated Subject Design A and were selling fabric and garments bearing illegal reproductions and/or derivations of Subject Design A.

29. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Summer Vibe, Sparky Worldwide, NANJING NIULI GARMENT TRADING CO., and JADECRED LIMITED, created, sold, offered for sale, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments incorporating fabric that bears artwork identical to or substantially similar to the Subject Design A.

30. Below is a comparison of Subject Design A with exemplar Infringing Products A, Infringing Products B, Infringing Products C, and Infringing Products D, which feature segments of fabric incorporating at least a portion of the exact same unauthorized copy of Subject Design A:

///

| **Subject Design A** | **Exemplars of Infringing Products A** |
| --- | --- |
| HNL Design TPR-3328<br> | Platform: Amazon<br><br>Seller Name: "Cupshe" under the aliases Nanjing Niuli Garment Trading Co., Ltd. and Jadecred Limited<br><br>Product Name: CUPSHE Women's Summer Boho Maxi Dress Paisley Floral V Neck Smocked Dress Beach Vacation Slit Hem Flowy Dress with Pockets<br><br>Product Codes: B0GJDFTTJ6, B0GJCZ44VM, B0GJD72WGG, B0GJDBW5PQ, B0GZ2P2JGX, B0GZ2VXM88, B0GZ314G97, B0GZ2YFTR4, B0GZ2K2LCF, B0H41G9VXH, B0H41H6P3Y, B0H416QVQB, B0H419ZDNW, B0H41M8K7M, B0H3BMT8L9<br> |

| | |
|---|---|
|  | <br> |

| | |
|---|---|
|  |  |

| Subject Design A | Exemplars of Infringing Products B |
|---|---|
| HNL Design TPR-3328<br> | Platform: Cupshe.com<br><br>Product Name: Feel It in My Soul Tropical Midi Dress<br><br>Product Code: CAA05F6B005EM<br><br> |

| **Subject Design A** | **Exemplars of Infringing Products C** |
|---|---|
| HNL Design TPR-3328<br> | Platform: Macy’s<br><br>Seller Name: Cupshe<br><br>Product Name: Women’s Feel It in My Soul Tropical Midi Beach Dress<br><br>Product Code: CAA05F6B005EM<br><br> |

| | |
|---|---|
|  |   |

| Subject Design A | Exemplars of Infringing Products D |
| --- | --- |
| HNL Design TPR-3328<br> | Platform: Target<br><br>Seller Name: "Cupshe" under the alias Sparky Worldwide, Inc.<br><br>Product Name: Cupshe Women's Vibrant Abstract Print Maxi Beach Dress<br><br>Product Code: CAA05F6B005EM/CAA05F6B005TS<br>199351547385, 199351547392, 199351547408, 199351547415 199351865946, 199351865915, 199351865854, 199351865816<br> |

| | |
|---|---|
|  |   |

31. The above comparison makes apparent that the elements, composition, arrangement, layout, and appearance of the designs on Infringing Products A, Infringing Products B, Infringing Products C, and Infringing Products D are substantially or strikingly similar to Subject Design A.

**CLAIMS RELATED TO DESIGN TPR-3118**

32.Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork. Plaintiff allocated this design an internal design number TPR-3118 ("Subject Design B").

33.The Subject Design B is an original work, and is, and at all relevant times was, owned exclusively by Plaintiff.

34.Plaintiff applied for and received a Certificate of Registration from the United States Copyright Office covering Subject Design B.

35.Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing Subject Design B to numerous parties in the fashion and apparel industries.

36.Following this distribution of Subject Design B, Plaintiff's investigation revealed that certain entities within the fashion and apparel industries had misappropriated Subject Design B and were selling fabric and garments bearing illegal reproductions and/or derivations of Subject Design B.

37.Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Summer Vibe, Sparky Worldwide, GUANGZHOU XUNZI FUZHUANT MAOYI CO., and FEILIN LIMITED created, sold, offered for sale, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments incorporating fabric that bears artwork identical to or substantially similar to the Subject Design B.

38.Below is a comparison of Subject Design B with exemplar Infringing Products E, Infringing Products F, Infringing Products G, Infringing Products H, Infringing Products I, which feature segments of fabric incorporating at least a portion of the exact same unauthorized copy of Subject Design B:

///

///

| **Subject Design B** | **Exemplars of Infringing Products E** |
| --- | --- |
| HNL Design TPR-3118<br> | Platform: Amazon<br><br>Seller Name: "Cupshe Apparel" under the aliases Guangzhou Xunzi Fuzhuant maoyi Co., Ltd. and Feilin Limited<br><br>Product Name: CUPSHE Women's Wide Leg Beach Pants - Tropical Boho Vacation Cover UP \| Soft & Comfortable. High Waist, Elastic Waistband, Flowy Summer Pant with Side Pocket<br><br>Product Codes: B0GFDPDD7R, B0H5HP9H63, B0H5HTCV7N, B0H5HTGT5W, B0H5HX6D18, B0GFDF4WBR, B0GFDJG7MW, B0GFDD38GN, B0GFDD94MZ, B0GT8ZHB1L, B0GT952H7T, B0GT923CMH, B0GT918853, B0H5HYWRFX, B0H5HZZKKT, B0H5HQMQ8Z, B0H5HWHMN1<br> |

| | |
|---|---|
|  |   |

| | |
|---|---|
|  |  |
| **Subject Design B** | **Exemplars of Infringing Products F** |
| HNL DESIGN TPR-3118<br> | Platform: Cupshe.com<br><br>Product Name: Creative Mood Abstract Pants<br><br>Product Code: CAA02D6B002AA<br> |

| **Subject Design B** | **Exemplars of Infringing Products G** |
| --- | --- |
| HNL DESIGN TPR-3118<br> | Platform: Cupshe.com<br><br>Product Name: Novel Idea Abstract Pants<br><br>Product Code: CAA02D6B002CS<br> |

| **Subject Design B** | **Exemplars of Infringing Products H** |
|---|---|
| HNL DESIGN TPR-3118<br> | Platform: Macy's<br><br>Product Name: Women's Creative Mood Abstract Pants<br><br>Product Code: CAA02D6B002AA<br><br> |

| | |
|---|---|
|  | <br> |

| | |
|---|---|
|  |  |

| **Subject Design B** | **Exemplars of Infringing Products I** |
|---|---|
| HNL DESIGN TPR-3118<br> | Platform: Target<br><br>Seller Name: “Cupshe” under the alias Sparky Worldwide, Inc.<br><br>Product Name: Cupshe Women’s Chic Abstract Print Wide Leg Pants with Drawstring<br><br>Product Codes: 827123079733, 827123079856, 827123079771, 827123079825, 827123079849, 199351600738, 199351601926, 199351601346, 199351601551, 199351757432, 199351757531, 199351757388, 199351757395, 827123079788, 827123079757, 827123079740, 827123079726, 827123079719<br> |

| | |
|---|---|
|  |  |

39. The above comparison makes apparent that the elements, composition, arrangement, layout, and appearance of the designs on Infringing Products E, Infringing Products F, Infringing Products G, Infringing Products H, and Infringing Products I are substantially or strikingly similar to Subject Design B.

**FIRST CLAIM FOR RELIEF**

(For Copyright Infringement – Against All Defendants, and Each)

40. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

41. Plaintiff is informed and believes and thereon alleges that Summer Vibe, Sparky Worldwide, NANJING NIULI GARMENT TRADING CO., and JADECRED LIMITED had access to Subject Design A, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Design A by third-party vendors and/or Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples; and (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Design A by Plaintiff for its customers.

42. Upon information and belief, Summer Vibe, Sparky Worldwide, NANJING NIULI GARMENT TRADING CO., and JADECRED LIMITED also had access to Subject Design A because the similarities between Subject Design A and Infringing Products A, Infringing Products B, Infringing Products C, and Infringing Products D are so strikingly similar that it is highly likely that the works were not created independent of one another.

43. Plaintiff is informed and believes and thereon alleges that Summer Vibe, Sparky Worldwide, GUANGZHOU XUNZI FUZHUANT MAOYI CO., and FEILIN LIMITED had access to Subject Design B, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to

illegally distributed copies of the Subject Design B by third-party vendors and/or Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples; and (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Design B by Plaintiff for its customers.

44.Upon information and belief, Summer Vibe, Sparky Worldwide, GUANGZHOU XUNZI FUZHUANT MAOYI CO., and FEILIN LIMITED also had access to Subject Design B because the similarities between Subject Design B and Infringing Products E, Infringing Products F, Infringing Products G, Infringing Products H, and Infringing Products I are so strikingly similar that it is highly likely that the works were not created independent of one another.

45. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Summer Vibe, Sparky Worldwide, NANJING NIULI GARMENT TRADING CO., JADECRED LIMITED, GUANGZHOU XUNZI FUZHUANT MAOYI CO., and FEILIN LIMITED and supplied garments to said retailers, including Infringing Products A, Infringing Products B, Infringing Products C, Infringing Products D, Infringing Products E, Infringing Products F, Infringing Products G, Infringing Products H, and Infringing Products I (collectively, "Infringing Products") to said retailers, which garments infringed the Subject Designs in that said garments were composed of fabric which featured unauthorized designs that were identical or substantially similar to the Subject Design A and Subject Design B (collectively, "Subject Designs"), or were illegal derivations or modifications thereof.

46.Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Designs and by

producing, distributing and/or selling garments which infringe the Subject Designs through a network of retail stores, catalogues, and through online websites.

47. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

48. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

49. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Designs in an amount to be established at trial.

50. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious Copyright Infringement - Against All Defendants, and Each)

51. Plaintiff repeats, realleges, and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

52. Upon information and belief, the Defendants are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct of other Defendants and had a direct financial interest in that infringing conduct.

53. Upon information and belief, and as alleged more fully above, one or more of the Defendants directly infringed Plaintiff's rights in the Subject Designs, and other Doe Defendants — including the upstream manufacturers, importers, suppliers, and/or sellers of the Infringing Products — are vicariously liable for that direct infringement because they possessed the right and the practical ability to supervise, control, and stop the infringing conduct, including the selection, reproduction, manufacture, listing, and distribution of the Infringing Products, and declined to do so, and because they derived a direct financial benefit from the infringing conduct. The availability of the Infringing Products bearing the Subject Designs acted as a draw to Defendants' customers and directly enhanced the commercial value and saleability of Defendants' offerings, and each such Defendant saved the licensing fees and costs it would otherwise have owed Plaintiff.

54. By reason of the foregoing, Plaintiff has suffered general and special damages in an amount to be established at trial.

55. Due to the Defendants', and each of their, acts of vicarious copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Designs, and Plaintiff is entitled to disgorgement of such profits in an amount to be established at trial.

56. The Defendants', and each of their, conduct as alleged herein was willful, intentional, and malicious, further subjecting each Defendant to enhanced statutory damages under 17 U.S.C. § 504(c)(2). Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## **<u>THIRD CLAIM FOR RELIEF</u>**

(For Contributory Copyright Infringement - Against All Defendants, and Each)

57. Plaintiff repeats, realleges, and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

58. Upon information and belief, one or more of the Defendants, and/or the upstream manufacturers, importers, suppliers, and/or sellers who created and supplied the Infringing Products, directly infringed Plaintiff's copyrights in the Subject Designs, and Defendants, and each of them, with knowledge of that infringing activity, knowingly induced, caused, participated in, aided and abetted, materially contributed to, and profited from the unauthorized reproduction, display, and distribution of the Subject Designs as alleged hereinabove.

59. Defendants, and each of them, had actual and/or constructive knowledge of, and/or were willfully blind to, the facts and circumstances surrounding the reproduction, display, distribution, and sale of the Infringing Products and the resulting infringement of the Subject Designs.

60. Defendants, and each of them, materially contributed to and induced the infringing conduct by, among other things, creating, listing, promoting, offering for sale, selling, and fulfilling orders for the Infringing Products, and by providing the means, marketplace, and distribution channels through which the Infringing Products reached consumers, including consumers in California and this District.

61. Defendants' acts of contributory copyright infringement as alleged herein were and continue to be willful, intentional, and malicious, and have caused Plaintiff to suffer general and special damages in an amount to be established at trial. Defendants, and each of them, have further obtained direct and indirect profits they would not otherwise have realized but for their infringement, and Plaintiff is entitled to disgorgement of such profits. By reason of the willful nature of the Defendants' conduct, Defendants, and each of them, are subject to liability for enhanced statutory damages under 17 U.S.C. § 504(c)(2). Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

### Against All Defendants

With Respect to Each Claim for Relief

a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Designs;

b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 504 et seq.;

c. That a trust be imposed over the revenues derived by Defendants, and each of them, through the sales or distribution of the product at issue;

d. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. § 505 et seq.;

e. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

f. That Plaintiff be awarded pre-judgment interest as allowed by law;

g. That Plaintiff be awarded the costs of this action; and

h. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: October 1, 2026

By: _/s/ Trevor W. Barrett_
Trevor W. Barrett, Esq.
Nelson A. Campbell, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff